**The court incorporates by reference in this paragraph and adopts as the findings and analysis of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Mary Ann Whipple
United States Bankruptcy Judge

**Dated: August 23 2010**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 09-32313 |
| | ) | |
| Viva Vista Ventures, Inc. | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |
| | ) | JUDGE MARY ANN WHIPPLE |

### MEMORANDUM OF DECISION

This case is before the court on the Chapter 7 Trustee's Motion Objecting to Claim ("Objection") [Doc. # 34] and the response filed by "Chris Nietrzeba dba Advanced Alternative Employment Solutions, LLC" ("Claimant") [Doc. # 37]. In an amended proof of claim, Claimant asserts a claim in the amount of $9,743.37 and asserts that it is entitled to priority under 11 U.S.C. § 507(a)(4) and (a)(8). While the Trustee does not object to the amount of the claim, he objects to its characterization as a priority claim. At a hearing held on August 11, 2010, the parties agreed that the Objection should be decided on the documentary record before the court. For the reasons that follow, the court will sustain the Trustee's Objection.

### FACTUAL BACKGROUND

On July 9, 2008, Debtor entered into a contract with Advanced Alternative Employment Solutions, LLC, ("Agreement") which provides in its entirety as follows:

> I agree to pay Advanced Alternative Employment Solutions, LLC 40% mark up on pay rate for employment services rendered per employee, any applicable sales tax will be added to this rate. I agree not to employ their employees until such time that is agreed upon by both parties. I may buy out any employee ahead of time with consent from Advanced Alternative

> Employment Solutions, LLC for a given price agreed upon or continue their employment as a temporary employee after the agreed upon terms are completed. The agreed upon terms are 600 hours.
>
> All Advanced Alternative Employment Solutions, LLC employees will be covered under the State of Ohio Bureau of Workers' Compensation for work related injuries. Customer will train employee and accepts full responsibility and will not hold Advanced Alternative Employment Solutions, LLC liable for any reason.

[Proof of Claim No. 3-2, Part 2, p. 34].

Pursuant to that Agreement, Claimant provided Debtor with employees as needed. Claimant paid the employees' wages and, in turn, billed Debtor for the wages paid plus a forty percent markup on those wages. In addition, Claimant billed Debtor for the sales tax associated with the employment services provided and for which Claimant is charged by the state of Ohio. It is undisputed that of Claimant's total $9,743.37 claim, $6,252.75 represents wages paid by Claimant to employees under the Agreement within 180 days of April 10, 2009, the date Debtor filed its bankruptcy petition; $2,399.40 represents the mark up applied to those wages; and $1,091.22 represents the sales tax charged on the employment services associated with those wages.

## LAW AND ANALYSIS

A proof of claim constitutes "*prima facie* evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f). When an objection is filed, the objecting party bears the initial burden of producing sufficient evidence to rebut the presumption of validity given to the claim. *In re Nelson,* 206 B.R. 869, 878 (Bankr. N.D. Ohio 1997). The burden then shifts to the claimant to prove the validity and amount of the claim by a preponderance of the evidence. *Id.* While the burden of going forward shifts during the claims objection process, the ultimate burden of persuasion is always on the claimant to prove the claimed entitlement. *In re Holm,* 931 F.2d 620, 623 (9th Cir.1991).

Claimant asserts that the total amount of the claim at issue is entitled to priority status as wages under § 507(a)(4)(A), as sales commissions under § 507(a)(4)(B), and as taxes owed to governmental units under § 507(a)(8). The Trustee objects to the claim's asserted priority status, arguing that it is a general unsecured claim only. Resolution of this dispute requires interpretation of the relevant subsections of the priority statute, which are to be given strict construction since "giv[ing] priority to a claimant not clearly entitled thereto is not only inconsistent with the policy of equality of distribution; it dilutes the value of the priority for those creditors Congress intended to prefer." *Howard Delivery Serv., Inc. v. Zurich Am. Ins. Co.*, 547 U.S. 651, 667 (2006).

2

Priority status is provided under § 507(a)(4) to the following types of claims:

allowed unsecured claims, but only to the extent of $10,950[1] for each individual or corporation, as the case may be, earned within 180 days before the date of the filing of the petition or the date of the cessation of the debtor's business, whichever occurs first, for--

(A) wages, salaries, or commissions, including vacation, severance, and sick leave pay earned by an individual; or

(B) sales commissions earned by an individual or by a corporation with only 1 employee, acting as an independent contractor in the sale of goods or services for the debtor in the ordinary course of the debtor's business if, and only if, during the 12 months preceding that date, at least 75 percent of the amount that the individual or corporation earned by acting as an independent contractor in the sale of goods or services was earned from the debtor.

11 U.S.C. § 507(a)(4). Priority status is also provided to certain "allowed unsecured claims of governmental units, only to the extent that such claims are for . . . a tax required to be collected or withheld and for which the debtor is liable in whatever capacity." 11 U.S.C. § 507(a)(8)(C).

In this case, Claimant's claim is based on Debtor's obligations under the Agreement to pay for employment services provided by Advanced Alternative Employment Solutions, LLC. Initially, the court notes that the Agreement is between Debtor and Advanced Alternative Employment Solutions, LLC, not Debtor and Nietrzeba. Although the proof of claim designates Claimant as "Chris Nietrzeba dba Advanced Alternative Employment Solutions, LLC," the "dba" or "doing business as" designation does not appear to be an accurate description of the relationship between Nietrzeba and the LLC. A "doing business as" designation is merely descriptive of the person who does business under some other name. *Trustees of the Mason Tenders, Dist. Council Welfare Fund v. Faulkner*, 484 F. Supp. 2d 254, 257 (S.D.N.Y. 2007) (quoting *In re Golden Distributors*, Ltd., 134 B.R. 766, 769 (Bankr. S.D.N.Y. 1991)). It does not involve an entity separate from the person operating the business. *Id*. Here, Advanced Alternative Employment Solutions, LLC, appears to be a separate entity and not merely descriptive of Nietrzeba. Nevertheless, because the Trustee has objected only to the priority status of the claim and not to the claim itself, the court will construe the proof of claim as being filed by Advanced Alternative Employment Solutions, LLC.

Claimant first argues that the claim is, in part, for wages earned by individuals within the meaning of § 507(a)(4)(A). The purpose of the wage priority in § 507(a)(4)(A) is "'to enable employees displaced by bankruptcy to secure, with some promptness, the money directly due to them in back wages, and thus

---

[1] This amount was increased to $11,725, effective April 1, 2010. 75 Fed. Reg. 8747 (Feb 25, 2010); 11 U.S.C. § 104(b). However, the adjustment applies only with respect to cases commenced before that date. 11 U.S.C. § 104(c). Debtor's case was filed April 10, 2009.

3

to alleviate in some degree the hardship that unemployment usually brings to workers and their families.'"[2] *In re Hutchinson*, 223 B.R. 586, 587 (Bankr. M.D. Fla. 1998) (quoting *United States v. Embassy Restaurant, Inc.*, 359 U.S. 29, 32 (1959)). Courts applying that provision have held that it applies only to wages earned by an individual, and that corporations are not entitled to a wage priority. *See, e.g., In re Wang Lab., Inc.*, 164 B.R. 404, 405 (Bankr. D. Mass. 1994); *In re Kasson, Inc.*, 109 B.R. 352, 353 n.1 (Bankr. E.D. Wis. 1989); *In re Dahlman Truck Lines, Inc.*, 59 B.R. 218, 219 (Bankr. W.D. Wis. 1986). Courts have also held that to be entitled to the wage priority, there must be an employer-employee relationship between the claimant and the debtor. *See, e.g., In re Hutchinson*, 223 B.R. at 588; *In re Grant Indus. Inc.*, 133 B.R. 514, 515 (Bankr. W.D. Mo. 1991); *In re Alroco, Inc.*, 92 B.R. 523, 524-25 (Bankr. M.D. Fla. 1988); *see also In re Mel-Hart Prod., Inc.*, 156 B.R. 606, 607 (E.D. Ark. 1993) (finding corporation that was obligated to pay employees under a contract between it and the debtor was not entitled to a wage priority for providing the contract services).

In *In re Grant Industries Inc.*, the court was presented with facts similar to the facts in this case. The claimant contracted with the debtor to provide the debtor with temporary workers. The debtor did not pay the workers directly. Rather, under the contract, the claimant paid the workers and the debtor was responsible to pay the claimant for the workers' services at the contract rate. *In re Grant Industries Inc.*, 133 B.R. at 514. The court found that the claimant was not entitled to a wage priority for the wages it paid to the temporary workers since its claim was based on fees that it earned on its contract with the debtor and not upon "wages" earned by the individual workers. *Id.* at 515.

Similarly, in *In re Mel-Hart Prod., Inc.*, 156 B.R. 606 (E.D. Ark. 1993), the claimant entered into a contract with the debtor under which it was to provide the debtor with employees as needed. *Id.* at 606-07. After the claimant paid wages, taxes, and other sums pursuant to the contract, it invoiced the debtor for the sums expended, plus a service fee of 19.38%. *Id.* at 607. The claimant argued that it was an assignee of the employees since it had paid the employees wages and, as assignee, succeeded to the wage priority of its assignor. *Id.* The court rejected the argument, finding that there was no consideration to support the purported assignment since the claimant was obligated to pay the employees under the contract between it and the debtor and between it and the employees. *Id.* The court held that the claimant was simply providing contract services to the debtor and was not entitled to a wage priority. *Id.*; *see In re Alroco, Inc.*, 92 B.R. at 524-25 (finding that the claimant was not entitled to a wage priority where the employees were not

---

[2] The wage priority provision was previously found in § 507(a)(3). That subsection was renumbered as § 507(a)(4) in 2005. *See* Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8, § 212.

09-32313-maw    Doc 42    FILED 08/23/10    ENTERED 08/23/10 14:38:37    Page 4 of 6

employed by debtor but were provided to debtor by the claimant under a contract with debtor). In *In re Dahlman Truck Lines, Inc.*, the court rejected a similar "assignee" argument and further found that even if claimant was deemed to be a subrogee by virtue of having paid wages to the employees, it was not entitled to a wage priority. *In re Dahlman Truck Lines, Inc.*; 59 B.R. at 221; *see* 11 U.S.C. § 507(d) (providing that "[a]n entity that is subrogated to the rights of a holder of a claim of a kind specified in subsection . . . (a)(1), (a)(4), (a)(5), (a)(6), (a)(7), (a)(8), or (a)(9) of this section is not subrogated to the right of the holder of such claim to priority under such subsection.").

In this case, the debt that forms the basis of the claim at issue is owed to Claimant pursuant to the Agreement with Debtor. The Agreement makes clear that the employees provided to Debtor were not Debtor's employees but, rather, were employees of Advanced Alternative Employment Solutions, LLC. And the employees were paid directly by Advanced Alternative Employment Solutions, LLC, not by Debtor. On the authority of the above cited cases, the court finds that Claimant does not have a claim for wages earned by an individual but only for breach of contract, which is not entitled to any priority treatment.

Likewise, Claimant is not entitled to the claimed priority for "sales commissions earned by an individual or by a corporation with only 1 employee." 11 U.S.C. § 507(a)(4)(B). Although Claimant argues that Nietrzeba is its only employee, as discussed above, the Agreement indicates otherwise. Moreover, in asserting this priority, Claimant relies on amounts owed by Debtor that are attributed to the 40% mark up on the employees' rate of pay as provided in the Agreement. Such a mark-up represents Claimant's profit in the sale of employment services *to* Debtor; it does not constitute "sales commissions earned . . . in the sale of good or services *for* the debtor. . . ." *Id.* (emphasis added). Section 507(a)(4)(B) contemplates sales commissions earned by sales representatives *of a debtor*. *See In re W. Wayne Transp., Inc.*, No. 00-10028C-7G, 2001 WL 1699665, *2 (Bankr. M.D.N.C. Oct. 5, 2001) (stating that the priority is for sales commissions earned from the sale of good or services "on behalf of a debtor"); Bankruptcy Reform Act of 1994, Pub. L. No. 103-394, sec. 207 (entitled "Priority for Independent Sales Representative").

Finally, Claimant is not entitled to a priority under § 507(a)(8) for sales tax on the sale of employment services to Debtor. That subsection provides a priority to certain unsecured claims of a "governmental unit." The Bankruptcy Code defines "Governmental unit" as follows:

> United States; State; Commonwealth; District; Territory; municipality; foreign state; department, agency, or instrumentality of the United States (but not a United States trustee while serving as a trustee in a case under this title), a State, a Commonwealth, a District, a Territory, a municipality, or a foreign state; or other foreign or domestic government.

11 U.S.C. § 101(27). Claimant is not a "governmental unit" and is, therefore, not entitled to a priority under

5

§ 507(a)(8). Although under the Agreement, Debtor may owe Claimant an amount equal to the sales tax imposed on the sale of employment services, that amount is owed to Claimant, not to the State of Ohio or other governmental unit.

In light of the foregoing, the court finds that Claimant has failed to meet its ultimate burden of proving that its claim is a priority claim. A separate order will be entered in accordance with this memorandum of decision.

6